```
                          UNITED STATES DISTRICT COURT
                          SOUTHERN DISTRICT OF FLORIDA

                          CASE NO. 09-23210-CIV-UNGARO
                          MAGISTRATE JUDGE P.A. WHITE
```

FRANK DUFFY,                     :

    Petitioner,              :

v.                               :           REPORT OF
                                                                MAGISTRATE JUDGE
KENNY ATKINSON,                  :
Warden at FCI Miami
                                 :
    Respondent.
_____

## I.  Introduction

Frank Duffy, a federal prisoner confined at the Federal Correctional Institution in Miami, Florida, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §2241-43, challenging the execution or administration of his sentences.

## II.  Claim

Duffy alleges that his constitutional rights were violated in connection with disciplinary action taken by prison officials with regard to a disciplinary report issued on September 23, 2008. Duffy claims he was wrongfully accused of being in possession of unauthorized items, i.e., chicken and biscuits in a "Mrs. Winner's" bag and a take-out menu for China King Chinese Restaurant. He maintains his due process rights were violated and that he was subjected to excessive punishment. Duffy seeks expungement of the incident report, and requests that the Bureau of Prisons restore his loss of good conduct credit.

For its consideration of the petition with attached exhibits (DE# 1), the Court has the respondent's response to an order to

show cause with attached exhibits (DE# 6) and Duffy's reply to the response (DE# 8).

### III.  Procedural History

On September 23, 2008, while confined at the United States Penitentiary in Atlanta Georgia, SIS Technician E. Graham observed Duffy place something in a locker.  (DE# 6-1, p. 2-4, Incident Report).  Duffy answered in the affirmative when Graham asked if it was his locker. (Id.).  Graham conducted a search of the locker and discovered one fried chicken breast and one biscuit in a bag labeled "Mrs. Winner's" and a take-out menu for China King Chinese Restaurant. (Id.).  Graham photographed the items recovered and completed an incident report for "possession of anything not authorized, Code 305." (Id.).

At 7:15 p.m. on September 23, 2008, Lieutenant S. Daniel provided Duffy with a copy of the report, advised him of his rights, and received confirmation from Duffy that he understood his rights.  (Id.).  Daniel next questioned Duffy about the incident and Duffy denied telling Graham that the locker belonged to him and denied that the items discovered were his.  (Id.).

On September 25, 2008, the Unit Discipline Committee (UDC) conducted a hearing during which Duffy stated that "the bowl and chicken" were not his.  (Id.).  The UDC referred the charges to the Discipline Hearing Officer (DHO) for further hearing as adequate sanctions were not available at the unit disciplinary committee level. (Id.).  Duffy was given a Notice of Discipline Hearing Before the DHO, which he signed, and on which he indicated that he did not wish to have a staff representative and did not want to call witnesses.  (DE# 6-1, p. 6).  He also received a document

which listed inmate rights in connection with a discipline hearing and he acknowledged that he understood these rights by signing the document.  (DE# 6-1, p. 8).

On October 2, 2008, Duffy appeared before the disciplinary hearing officer. (DE# 6-1, p. 10-12).  According to the DHO Report, Duffy again waived his right to a staff representative and to call witnesses.  (Id. at II(A), III(C)).  Duffy stated that the locker was in a common area and he just walked in and took off his gloves, but did not have the chicken. In addition, he claimed that the chicken was found in a bowl in the locker, not a "Mrs. Winner's" bag.  (Id. at III(B)).  The DHO officer considered Duffy's statement, the Incident Report, Graham's statement, and the photographs taken by Graham after discovering the items. (Id. at V).  The DHO concluded that Duffy committed the prohibited act of possession of anything not authorized, Code 305.  In support of its conclusion, the DHO stated that Duffy "presented no defense as to the items in [his] possession.  The DHO gave the greater weight to the reporting officer's statement of what occurred, and the physical evidence recovered." (Id. at V).  As a result of the finding of guilt, Duffy received disciplinary segregation of 15 days, a loss of 13 days of good conduct time, a loss of visits for one year, a loss of phone access for six months, and 30 days restricted commissary.  (Id. at VI).  The DHO report also recommended a transfer to another facility.[1]  (Id. at VI). Duffy was provided with a copy of the findings, and he was advised of his right to appeal. (Id.).

---

[1]    Duffy was transferred to FCI Miami where he has been incarcerated since January 20, 2009.  (DE# 6, p. 7).

3

On February 23, 2009, Duffy filed an administrative appeal to the Central Office.[2]  Duffy claimed that Graham misrepresented the facts because he did not tell her that the locker belonged to him and because the chicken was discovered in a bowl, not a "Mrs. Winner's" bag.  Duffy claimed that another inmate placed a bowl containing chicken in the locker.  (DE# 1, p. 10).  Duffy also took issue with the severity of the sanctions and claimed that the DHO report failed to adequately explain the reason behind the imposition of these sanctions.  (Id.).

The appeal was denied on April 29, 2009, with Harrell Watts, Administrator for National Inmate Appeals stating in pertinent part as follows:

> You appeal the DHO's decision of October 2, 2008, for Possession of Anything Not Authorized, Code 305.  You claim you were denied due process and reporting staff did not see the chicken or biscuits in your actual possession.  In addition you request the sanctions be expunged and claim the DHO did not provide you with a written reason for the disciplinary sanctions imposed.
>
> We find substantial compliance with Program Statement 5270.07, *Inmate Discipline and Special Housing Units*.  The disciplinary record indicates you were advised of your rights and stated you understood them.  You . . . did not ask for staff representation to assist you or witness testimony.  In addition, you were provided with the opportunity to make a statement on your behalf and present documentary evidence.  The record indicates you made a statement.  We do not find evidence to indicate you were denied due process rights.
>
> The DHO's decision was based upon the greater weight of the evidence, detailed in Section V of the DHO report.  We find it reasonable for the DHO

---

[2]  There is no evidence in the record that Duffy first filed an administrative appeal with the Regional Office.  The Central Office considered the merits of his appeal and the Respondent in the present action does not claim that Duffy failed to exhaust administrative remedies.

> to have made this determination based on the written statement of the reporting officer.  The DHO considered all the evidence, including your statement, and determined you committed the above prohibited act based on the greater weight of the evidence.  We concur with the DHO decision that you committed the prohibited act based on the greater weight of the evidence as accurately and adequately stated in Section V of the DHO Report.
>
> The DHO is charged with conducting discipline hearings and imposing appropriate sanctions for incidents of inmate misconduct.  The sanctions imposed are based upon the DHO's assessment of the given circumstances and are administered to the degree necessary to regulate the inmate's behavior within Bureau of Prisons rules and institution guidelines.  On Section VII of your DHO Report, titled, <u>Reason for Sanction or Action Taken</u>, the DHO documented why the sanctions were imposed.  We encourage you to read this section.
>
> Based on our review, we find that the required disciplinary procedures were substantially followed, the greater weight of the evidence supports the decision, and the sanctions imposed were appropriate for the offense and in compliance with policy. Your appeal is denied.

(DE# 1, p. 9, 4/29/09 Response to Administrative Remedy).

Duffy then came to this Court filing the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 on October 20, 2009. (DE# 1). The respondent has filed a response to an order to show cause, arguing that Duffy is not entitled to relief in this habeas corpus proceeding. (DE# 6).  Duffy subsequently filed a reply to the response.  (DE# 8).

## IV.  <u>Discussion</u>

Duffy claims that his due process rights were violated in connection with his disciplinary hearing process, which resulted in disciplinary segregation of 15 days, a loss of 13 days of good

5

conduct time, a loss of visits for one year, a loss of phone access for six months, and 30 days restricted commissary. Specifically, Duffy maintains that Graham falsely stated that she observed him place the items in the locker and that she omitted the fact that the chicken was discovered in a bowl with the initials of another inmate who was sharing the locker with Duffy at that time and that the locker was not padlocked.  Duffy also argues that the sanctions imposed were excessive in light of 28 CFR §541.13.

An inmate can only claim a due process violation if the liberty interest he has lost is one of real substance. Sandin v. Conner, 515 U.S. 472, 478 (1995). Liberty interests grounded in the due process clause can only be created under certain limited circumstances. Since Sandin, only two instances exist where a prisoner can claim a protected liberty interest under the due process clause. Id. at 484.  The first is when the prison's actions have the effect of altering his term of imprisonment, since any action that lengthens an inmate's sentence raises due process concerns. The second is where the prison's restraint "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id.  The loss of gain time falls into the first category.

Regarding an inmate charged with an offense that would deprive him of good conduct time credit, it is well settled that he is entitled to those minimum procedures appropriate under the circumstances and required by the Due Process Clause to insure that his rights are not arbitrarily abrogated. Wolff v. McDonnell, 418 U.S. 539, 558 (1974). While minimal due process requirements must be met in prison disciplinary proceedings, the law does not afford a prisoner at a disciplinary hearing the full panoply of rights

that constitute due process for a criminal trial.[3] Id. Moreover, in cases where there is an actual loss of good time credits as a result of the disciplinary proceeding, federal courts will not review the sufficiency of the evidence at a disciplinary hearing; a finding of guilt requires only the support of some facts or any evidence at all to support the action taken by prison officials.[4] Superintendent Massachusetts Correctional Institution, Walpole v. Hill, 472 U.S. 445, 454 (1985)(holding "that revocation of good time does not comport with 'the minimum requirements of procedural due process,' unless the findings of the prison disciplinary board are supported by some evidence in the record"); Broussard v. Johnson, 253 F.3d 874, 877 (5 Cir. 2001)(holding that prison disciplinary proceedings are overturned only where no evidence in the record supports the decision), citing, Smith v. Rabalais, 659 F.2d 539, 545 (5 Cir.1981), cert. denied, 455 U.S. 992 (1982). In sum, the disciplinary determination must not be arbitrary or capricious, but a reviewing court may not substitute its judgment for that of prison authorities. Stewart v. Thigpen, 730 F.2d 1002, 1005 (5 Cir. 1984); Smith v. Rabalais, 659 F.2d at 545.

The record as thoroughly set forth above, reveals that Duffy received written notice of the charge against him before the challenged disciplinary hearing. An adequate and proper

---

[3] Specifically, the prisoner must be provided the following minimal procedural due process:  1) advance written notice of the claimed violation; 2) a written statement of the fact finders as to the evidence relied upon and the reasons for the disciplinary action taken; and 3) an opportunity to call witnesses and present documentary evidence in defense, unless this would be unduly hazardous to institutional safety or correctional goals. Id. at 563-66. There is, however, no constitutional right to cross-examination or confrontation of witnesses in a prison disciplinary proceeding. Wolff v. v. McDonnell, 418 U.S. 539, 567-69 (1974).

[4] Under this standard, as long as there is a "modicum" of evidence or "any" evidence in the record to support the conclusion of the disciplinary body, its determination will be upheld. See Zavaro v. Coughlin, 970 F.2d 1148, 1152 (2 Cir. 1992).

investigation of the facts involved in the disciplinary report was conducted. Duffy spoke with the investigating officer, denied telling Graham that the locker belonged to him alone and denied that the items discovered therein were his.  He was also provided with the opportunity to call witnesses and submit witness statements, which he again elected not to do. The disciplinary hearing officer considered not only Duffy's statement, but also all the evidence, which included Graham's statement and the photographs taken immediately after the incident which showed a "Mrs. Winner's" bag containing chicken and biscuits and the take-out menu.  The disciplinary hearing officer is entitled to make such determinations regarding the credibility and reliability of the evidence presented.  See  Smith v. Rabalais, 659 F.2d at 545-46. Review of the record indicates that Duffy received all the procedural due process to which he was entitled.

    Moreover, the record demonstrates that the fact-finders' conclusions were neither arbitrary nor capricious and there were at least some facts and evidence to support the finding of guilt and resultant loss of good time credits.  Thus, the discipline hearing team's finding does not constitute an arbitrary and capricious exercise of the team's discretionary disciplinary function sufficient to give rise to a claim by Duffy of a constitutional violation.  Id. at 546. Besides Duffy's statement, there existed sufficient evidence to support the finding of guilt. Superintendent v. Hill, 472 U.S. 445, 455 (1985).

    Thus, Duffy's general allegations that he was not in possession of anything not authorized are without record support and also without merit.  Chapter 4 of the BOP policy on Inmate Discipline and Special Housing Units, PS 5270.07 includes Code 305 which prohibits "possession of anything not authorized for

8

retention or receipt by the inmate, and not issued to him through regular channels." (DE# 6-1, p. 16). The record contains evidence that Duffy was observed in possession items he did not receive through regular channels. Under the circumstances presented here, it was Duffy's responsibility to insure that he was not in possession of items not authorized for retention or receipt by the inmate. He did not do so, and as such, the DHO's conclusion was proper.

In addition, the actual sanctions imposed for violating the subject institutional rule were proper under the circumstances. A violation of Code 305 constitutes a moderate category offense. When presented with this type of offense, the DHO "shall impose at least one sanction from A through N." (DE# 6-1, p. 14). The DHO could impose as many sanctions from this list as it saw fit. In this case, the sanctions imposed are listed under A through N. (28 CFR Ch. V (7/1/07 Edition) Table 4). Accordingly, the subject disciplinary report was properly issued and the sanctions imposed were appropriate under the circumstances. Consequently, the movant is entitled to no relief on this claim.

## V. Conclusion

The subject disciplinary actions comported with due process and did not offend the constitution. Accordingly, the rejection of Duffy's challenge to the disciplinary proceeding conducted on October 2, 2008, resulting in various sanctions, should not be disturbed here. It is, therefore, recommended that this petition for habeas corpus relief be denied.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Signed this 9th day of July, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Frank Duffy
     Reg. No. 48726-019
     FCI - Miami
     P. O. Box 779800
     Miami, FL 33177

     Carole M. Fernandez
     United States Attorney's Office
     Federal Justice Building
     99 NE 4th Street
     Miami, FL 33132